UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Nos. 19-148 (NEB) and 22-364 (NEB/ECW)

UNITED STATES OF AMERICA,

      Plaintiff,

**DETENTION ORDER**

  v.

TAVON TARRELL TIMBERLAKE,

      Defendant.

This matter came before the Court on May 14, 2025, for preliminary probable cause and detention hearings related to supervised release revocation proceedings. The Defendant, Tavon Tarrell Timberlake, was present and was represented by Kevin DeVore. The Government was represented by Evan B. Gilead, Assistant United States Attorney.

At Mr. Timberlake's initial appearance hearing, the Government requested continued detention until Mr. Timberlake appeared for a final revocation hearing, thus entitling him to a preliminary probable cause hearing. Fed. R. Crim. P. 32.1(b)(1)(A). At the May 14, 2025 hearings, the Government called Minneapolis Police Department Officer Ashton Dorris to testify, as well as provided one exhibit—a DNA report—for the Court to consider. At the conclusion, the Court found that the Government established that there was probable cause that Mr. Timberlake violated the terms and conditions of his

1

supervised release, namely committing a new law violation.

Additionally, and based on the entire record, including the violation report, the Court grants the Government's motion for detention because no condition or combination of conditions reasonably could assure the safety of the community or the defendant's appearance at future proceedings. Accordingly, Mr. Timberlake will continue to be detained pending his final revocation hearing.

## FINDINGS AND CONCLUSIONS

1. Mr. Timberlake is on federal supervised release for Failing to Surrender for Service of Sentence (19-cr-148) and Escape from Custody (22-cr-364).

2. His revocation proceedings were initiated by Petition (ECF No. 70 re: 22-cr-364). Specifically, the Petition alleges that Mr. Timberlake violated the conditions of his supervised release by, *inter alia*, (1) committing another federal, state, or local crime; (2) unlawfully possessing a controlled substance; and (3) owning, possessing, or having access to a firearm, ammunition, destructive device, or dangerous weapon.

3. The Court heard testimony from Officer Ashton Dorris who detailed his surveillance of Mr. Timberlake throughout the months of January and February 2025. Officer Dorris witnessed Mr. Timberlake conduct multiple

hand-to-hand drug transactions in communities described as open-air drug markets. After a state search warrant was authorized, officers seized two firearms from Mr. Timberlake's vehicle. The firearms, along with Mr. Timberlake's DNA, were submitted for analysis. A DNA analyst concluded that Mr. Timberlake's DNA was included as a contributor to a mixture on the Sig Sauer firearm.

4. Further, Officer Dorris advised that Mr. Timberlake admitted to drug trafficking, having possible cartel connections, and being affiliated with gang activity.

5. The Court also considered Mr. Timberlake's criminal history as detailed in his prior federal cases.

6. U.S. Probation recommended continued detention.

## CONCLUSIONS OF LAW

In light of the testimony and evidence offered by the Government, the Court finds probable cause that he violated the terms and conditions of his supervised release conditions. Accordingly, Mr. Timberlake is required to appear for all further proceedings.

The Court must also resolve the Government's motion for detention. Fed. R. Crim. P. 32.1(a)(6). Detention is warranted when, after a hearing, the Court determines no conditions or combination of conditions will reasonably assure

the appearance of the defendant as required or the safety of any other person and the community. Because this is a proceeding related to supervised release revocation, the burden of establishing by clear and convincing evidence that the person will not flee or pose any danger to any other person in the community rests with the defendant. *Id.*

Based upon the finding of probable cause, the entire record before the Court, Federal Rule of Criminal Procedure 32.1(a)(6) and 32.1(b)(1), 18 U.S.C. §§ 3142 and 3143, and the Petition on Supervised Release, the Court concludes that Mr. Timberlake has failed to meet his burden to show that he is not a danger to the community and not likely to flee if released pending his final revocation hearing. Fed. R. Crim. P. 32.1(a)(6).

Accordingly, the Court grants the Government's motion for detention.

**IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention without bond is **GRANTED**;

2. Mr. Timberlake is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Timberlake shall be afforded reasonable opportunity to consult

privately with his lawyer; and

4. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Timberlake is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

5. Mr. Timberlake shall appear for any and all future court hearings.

Dated:  May 15, 2025              *s/ David T. Schultz*_____
                                  THE HONORABLE DAVID T. SCHULTZ
                                  United States Magistrate Judge